# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 09-476

**SARWAT GAD, M.D., ET UX.**

**VERSUS**

**ROBERT RAY GRANBERRY, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2002-1616
HONORABLE EDWARD D. RUBIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

**DAVID E. CHATELAIN**[*]
**JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, Elizabeth A. Pickett, Shannon J. Gremillion, and David E. Chatelain, Judges.

**Gremillion, J., dissents and assigns written reasons.**

**Thibodeaux, Chief Judge, dissents for the reasons expressed by Judge Gremillion.**

**REVERSED AND REMANDED.**

William L. Melancon
Elizabeth A. Macmurdo
Melancon & Associates
900 South College Road, Suite 300
Lafayette, Louisiana 70503
(337) 233-8600
Counsel for Plaintiffs/Appellants:
    Melissa Gad
    Sarwat Gad, M.D.

---

[*]Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**C. Michael Fister, Jr.**
**Joseph G. Glass**
**Gissel M. Ferriol**
**Duplass, Zwain & Bourgeois,**
**Pfister & Weinstock**
**3838 N. Causeway Boulevard, Suite 2900**
**Metairie, Louisiana  70002**
**(504) 832-3700**
**Counsel for Defendants/Appellees:**
    **Melanie Lunn**
    **Van Eaton & Romero, Inc.**

**David Joseph Krebs**
**Harvey Sylvanous Bartlett, III**
**Krystil Borrouso Lawton**
**Krebs, Farley & Pelleteri**
**400 Poydras Street, Suite 2500**
**New Orleans, Louisiana  70130**
**(504) 299-3570**
**Counsel for Defendant/Appellee:**
    **Dryvit Systems, Inc.**

**James Leslie Hilburn**
**Sharon Baskin Kyle**
**Nancy A. Richeaux**
**Attorneys at Law**
**4960 Bluebonnet Boulevard, Suite A**
**Baton Rouge, Louisiana 70809**
**(225) 293-8400**
**Counsel for Defendant/Appellee:**
    **Robert Ray Granberry**

**Leigh Haynie**
**Attorney at Law**
**1009 Kidder Road**
**Carencro, Louisiana  70520**
**(337) 886-9145**
**Counsel for Plaintiffs/Appellants:**
    **Sarwat Gad, M.D.**
    **Melissa Gad**

**CHATELAIN, Judge Pro Tempore.**

Plaintiffs appeal the trial court's grant of summary judgment in favor of defendant real estate agent and her broker. For the following reasons, we reverse.

*Facts and Procedural History*

This is a redhibition action concerning a residence sold by Ray Granberry to Dr. and Ms. Sarwat Gad in May 1995. The Gads filed suit against Mr. Granberry and other defendants, which included Defendants, Melanie Lunn and Van Eaton and Romero, Inc., the real estate agent and firm that represented Mr. Granberry in the sale. The facts and procedural history of this matter are set forth in our prior opinion, *Gad v. Granberry*, 07-117 (La.App. 3 Cir. 5/30/07), 958 So.2d 125, *writs denied*, 07-1336, 07-1361 (La. 9/28/07), 964 So.2d 364, 365, where we reversed the trial court's dismissal of the Gads' redhibition suit on exceptions of prescription filed by five defendants and remanded the matter to the trial court for further proceedings.

After remand, Defendants filed a motion for summary judgment, alleging that the Gads cannot prove Defendants are liable to them for negligent misrepresentation or fraud. The motion was supported with deposition testimonies of Ms. Lunn, Mr. Granberry, the Gads, and others and documentary evidence. Pertinent to the motion for summary judgment is Ms. Lunn's deposition testimony in which she denied having seen any activity at the residence which indicated there were problems with it and having any conversations or discussions with Mr. Granberry about any moisture-related problems with the residence or the exterior finish which is at issue herein. After a hearing, the trial court granted the motion and dismissed the Gads' claims against Defendants. The Gads appealed.

1

### *Motion for Summary Judgment*

Appellate courts review motions for summary judgments de novo to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." *Id*.

While the initial burden of proof is on the mover to show that no genuine issue of material fact exists, if he will not bear the burden of proof at trial on the issue that is presented by the motion for summary judgment, he is not required "to negate all essential elements" of his opponent's claim but need only point out that there is "an absence of factual support for one or more elements essential" to his opponent's action. La.Code Civ.P. art. 966(C)(2). If the opponent "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." *Id.*

### *Issues Presented for Review*

In their appeal, the Gads present four issues for our review: 1) is summary judgment precluded because Ms. Lunn's knowledge of the defects or problems with the residence is an issue; 2) was the deposition testimony of Ms. Lunn submitted in support of the motion for summary judgment sufficient to carry Defendants' burden of proof; 3) can they meet their burden of proof with regard to their fraud claim; and 4) did Ms. Lunn assume the risk that Mr. Granberry discovered/learned of the redhibitory defects between the listing and the sale of the residence?

2

***Discussion***

In *Waddles v. LaCour*, 06-1245, p. 5 (La.App. 3 Cir. 2/7/07), 950 So.2d 937, 942, *writs denied*, 07-827, 07-882 (La. 6/22/07), 959 So.2d 496, 498 (citations omitted) (quoting *Osborne v. Ladner*, 96-863, p. 16 (La.App. 1 Cir. 2/14/97), 691 So.2d 1245, 1257), this court discussed the duties of a real estate broker or agent:

> A purchaser's remedy against a real estate broker is limited to damages for fraud under LSA-C.C. art. 1953 *et seq.* or for negligent misrepresentation under LSA-C.C. art. 2315. The action for negligent misrepresentation arises *ex delicto*, rather than from contract. In order for a plaintiff to recover for negligent misrepresentation, there must be a legal duty on the part of the defendant to supply correct information, a breach of that duty, and damage to the plaintiff caused by the breach. A real estate broker or agent owes a specific duty to communicate accurate information to the seller and the purchaser and may be held liable for negligent misrepresentation. However, the duty to disclose any material defects extends only to those defects of which the broker or agent is aware.

***Negligent Misrepresentation***

The Gads' first complaint is that the trial court erred in dismissing their claim for negligent misrepresentation. Defendants assert they are entitled to summary judgment because no evidence establishes that Ms. Lunn knew or should have known of the existence of the defects at issue herein. The Gads argue that an issue of material fact exists because Ms. Lunn's deposition testimony does not establish that she did not have knowledge of any defects with the residence and Defendants did not submit an affidavit in which she denied such knowledge.

Ms. Lunn had a duty to relay accurate information to the Gads about the Granberry residence. Accordingly, whether she had knowledge of any defect is a material issue of fact. Ms. Lunn testified that she never saw any activity or repairs at the Granberry residence and that she never had any conversations or discussions with Mr. Granberry about the moisture-related problems with the residence or the

3

exterior finish which caused and/or contributed to those moisture-related problems. Defendants assert that her testimony is sufficient to establish that the Gads do not have the evidence required to establish one criteria of their claim, i.e., she was aware of a defect.

The Gads argue that Ms. Lunn's testimony is not a denial of knowledge and does not establish that she did not have knowledge of any repairs or activities at the residence which indicated there were defects or moisture-related problems with the residence. They claim the following circumstantial evidence defeats Defendants' motion for summary judgment: 1) extensive repairs performed on the residence in 1995, including the replacement of a large banque of windows and a large beam in the attic, were such that it is likely Ms. Lunn learned of the repairs; 2) Ms. Lunn would not have shown the residence when such repairs were being made and probably learned of the repairs when she called to make an appointment for that purpose; 3) a maid or the Granberry children may have mentioned the repairs to Ms. Lunn; and 4) Defendants "lost" a list of potential purchasers they normally maintain for listed properties they are contracted to sell.

Defendants argue that because it took experts to determine the source of the problems with the residence and that determination required removal of exterior walls, Ms. Lunn could not have had the requisite knowledge to defeat summary judgment.

Generally, summary judgment is not appropriate if issues regarding subjective facts, such as intent or knowledge, are present. *Murphy's Lease & Welding Serv., Inc. v. Bayou Concessions Salvage, Inc.*, 00-978, 00-979 (La.App. 3 Cir. 3/8/01), 780 So.2d 1284, *writ denied*, 01-1005 (La. 6/1/01), 793 So.2d 195. However, "summary

4

judgment may be granted on subjective intent issues when no issue of material fact exists concerning the pertinent intent." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 751 (citing *Simoneaux v. E.I. du Pont de Nemours & Co., Inc.*, 483 So.2d 908, 912 (La.1986), where the supreme court held that summary judgment is an appropriate method for disposing of a case in which intent is a critical question if conclusory statements of a plaintiff are insufficient to support a finding of intent by reasonable minds). A fact is material if it "would matter at trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits." *Suire v. Lafayette City-Parish Consol. Gov't.*, 04-1459, 04-1460, 04-1466, p. 11 (La. 4/12/05), 907 So.2d 37, 48.

Defendants will not bear the burden of proof at trial; therefore, they are not required "to negate all essential elements" of the Gads' claim. However, neither Ms. Lunn's testimony nor the other evidence submitted in support of the motion for summary judgment establishes that she did not have knowledge of any repairs or activities at the residence which indicated there were defects or moisture-related problems with the residence. Furthermore, the circumstantial evidence regarding the extent of the repairs performed by Mr. Granberry may be such that a jury would determine the required repairs indicated the residence had a defect, regardless of its source, and that Ms. Lunn learned of the extensive repairs from someone other than Mr. Granberry. Accordingly, summary judgment is inappropriate.

***Fraud***

The Gads next urge that the trial court erred in dismissing their claim for fraud. Fraud is defined as "a misrepresentation or a suppression of the truth made with the

5

intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other." La.Civ.Code art. 1953. Silence and inaction are also elements of fraud. *Id.*

If Ms. Lunn knew of problems with the residence and she did not tell the Gads, she created an unjust advantage for herself, Van Eaton, and Mr. Granberry and caused a loss to the Gads. Her knowledge, or lack thereof, is subjective and, under the circumstances present here, not appropriate for summary judgment.

### *Assumption of the Risk*

The Gads' last argument is that the trial court erred in granting summary judgment because Ms. Lunn assumed the risk that the disclosure sheet prepared by Mr. Granberry in 1991 was inaccurate when she refused Ms. Gad's request prior to closing in 1995 to have it updated by Mr. Granberry. Defendants argue that Ms. Lunn's duty to the Gads was that she disclose only defects of which she had knowledge, citing jurisprudence which holds that a purchaser's claims against real estate agents are for fraud and negligent misrepresentation.

The legal premise stated above is correct; however, it may not be the only remedy available to the Gads. There is no legal duty to provide purchasers with a disclosure form like the one Ms. Lunn had Mr. Granberry complete. *Waddles*, 950 So.2d 937. However, if Defendants undertook a duty to provide the disclosure form to the Gads, they were obligated "to perform the task in a reasonable and prudent manner." *Schulker v. Roberson*, 91-1228, p. 5 (La.App. 3 Cir. 6/5/96), 676 So.2d 684, 688 (quoting *Crane v. Exxon Corp., U.S.A.,* 613 So.2d 214, 221 (La.App. 1 Cir. 1992)). Whether they assumed a duty by providing the disclosure form to the Gads

is a question of fact to be determined by the trier of fact. *Bujol v. Entergy Serv., Inc.,* 03-492, 03-502 (La. 5/25/04), 922 So.2d 1113.

The only evidence on this issue is the testimonies of Ms. Gad and Ms. Lunn. Ms. Gad testified that prior to closing in 1995, Ms. Lunn presented her with the disclosure sheet which had been completed by Mr. Granberry in 1991, that she requested it be updated, but Ms. Lunn refused to comply with the request. Ms. Lunn testified that Ms. Gad did not ask her to have Mr. Granberry update the disclosure form. This evidence does not establish that Defendants are entitled to summary judgment on this issue.

### *Disposition*

Genuine issues of material fact exist with regard to the Gads' claims against Ms. Lunn and Van Eaton and Romero, Inc. Accordingly, the trial court's judgment is reversed, and the matter is remanded for further proceedings. All costs are assessed to Defendants.

**REVERSED AND REMANDED.**

**09-476**

**SARWAT GAD, M.D. ET UX.**

**VERSUS**

**ROBERT RAY GRANBERRY, ET AL.**

**GREMILLION, Judge, dissenting.**

The appellants purchased this home in 1995, with Lunn acting as the realtor. In 2001, the appellants discovered moisture damage to the home resulting from defective simulated stucco, and undertook repairs. They filed suit in 2002. Appellants press their claims against Lunn on two fronts.

First, appellants argue that the seller had undertaken extensive repairs of this type of damage before the sale. They claim these repairs were undertaken after Lunn was hired as a listing agent.

Second, appellants submit that prior to the sale, Lunn presented a 1991 disclosure form signed by the seller. Appellants say they requested an updated form, and Lunn indicated that since no changes had been made to the property, no update was required.

However, neither the form nor the repairs are important. What is of critical importance is that there is no evidence that the agent knew the damage existed. The fact that it took six years and four experts for the appellants to find this damage in their own home clearly suggests that the damage was quite hidden.

The majority asserts that there is an issue of fact regarding whether the appellants asked the seller in 1995 to update a 1991 disclosure form. However, this only suggests a genuine issue as to that form. It does not suggest a genuine issue as to the alleged damage, which remained hidden for another six years.

Appellants contend that repairs were made to the home in 1995. The majority

1

cites four pieces of circumstantial evidence regarding these repairs that they find preponderates against the motion for summary judgment. I submit that none of the circumstantial evidence is sufficient to create a material issue of fact regarding Lunn's knowledge of the alleged repairs, much less Lunn's knowledge of the damage. In my opinion, the "evidence" is pure conjecture and serves to support the fact that appellants will be unable to meet their burden at trial regarding Lunn's knowledge.

The trial court was not concerned with whether there was a factual dispute as to a 1991 disclosure form, nor with whether there was a factual dispute as to Lunn's knowledge of the 1995 repairs. Rather, the trial court was properly concerned only with whether there was a factual dispute as to Lunn's knowledge of some very well-hidden damage that was not discovered until 2001, six years after the appellants bought and occupied this home. The trial court found that there was no evidence establishing that Lunn knew of the damages. I agree, and thus would affirm the trial court.